1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

BARTOLO OLIVERA RAMOS,

                          Petitioner,

          v.

A. NEIL CLARK, Field Office Director, U.S.
Immigration and Customs Enforcement, *et al*.,

                          Respondents.

Case No. C10-1226-RSM-JPD

REPORT AND
RECOMMENDATION

## I.      INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a native and citizen of Mexico who is being detained by the United States

Immigration and Customs Enforcement ("ICE") pursuant to an administratively final order of

removal.  On July 30, 2010, petitioner, proceeding through counsel, filed a Petition for Writ of

Habeas Corpus and Complaint for Declaratory and Injunctive Relief, seeking a stay of removal

based on the decision in *Padilla v. Kentucky*, __ U.S. __, 130 S. Ct. 1473, 176 L. Ed. 2d 284

(2010)(holding that defense counsel engaged in deficient performance by failing to advise the

defendant of the immigration consequences of his guilty plea).  (Dkt. 1.)  Respondents have filed

a motion to dismiss, arguing that the Court lacks jurisdiction to consider petitioner's claims

under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005).  (Dkt. 12.)

REPORT AND RECOMMENDATION
PAGE 1

For the reasons set forth below, the Court recommends that respondents' motion to dismiss be granted, and that this matter be dismissed with prejudice.

## II.   BACKGROUND AND PROCEDURAL HISTORY

On December 1, 1990, petitioner was admitted to the United States at San Francisco, California, as a lawful permanent resident ("LPR").  Administrative Record ("AR") at R168.  On January 18, 2007, petitioner pled guilty in the Superior Court of the State of Washington in and for Thurston County to two counts of delivery of methamphetamine, one count of possession with intent to deliver methamphetamine, and one count of unlawful possession of a firearm in the first degree, and was sentenced to 36 months imprisonment.  (AR R201-09.)

During petitioner's plea and sentencing hearing, the Superior Court Judge asked petitioner:  "Do you understand that if you're not a citizen of the United States, the plea of guilty is grounds for deportation?"  (Dkt. 13, Ex. 1 at 7.)  Petitioner answered "Yes."  *Id*.  On the Statement of Defendant on Plea of Guilty signed by petitioner, petitioner initialed a paragraph stating, "If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state laws is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  (Dkt. 1 at 10, ¶ (i).) Petitioner also signed a paragraph stating, "My lawyer has explained to me, and we have fully discussed, all of the above paragraphs."  (Dkt. 1 at 13, ¶ 12.)  In addition, at the plea hearing, petitioner's criminal defense attorney offered the following statement:

> Excuse me your honor, if I may supplement the record regarding the knowing waiver of my client's rights.  You asked him thorough questions, but I want to state that I was blessed with having Spanish-speaking co-counsel on this. . . . The good news is, his family has been – it really is good news – they've been deported to Mexico, where they're surrounded with support, and they're going to wait for him to do his time and be deported himself.

(Dkt. 13 at 8: 21-25, 10:21-24.)

REPORT AND RECOMMENDATION
PAGE 2

On January 24, 2007, ICE served petitioner with a Notice to Appear, charging him with removability under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), for having been convicted of an aggravated felony as defined under INA § 101(a)(43)(B), relating to the illicit trafficking in a controlled substance.  (AR L39-41.)  On April 29, 2009, an Immigration Judge ("IJ") denied petitioner's request for a waiver under section 212(h) and ordered him removed to Mexico based on the charge contained in the Notice to Appear.  (AR L159-62.) Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on July 31, 2009, affirming the IJ's determination that petitioner was statutorily precluded from obtaining a section 212(h) waiver of inadmissibility as an alien admitted as a LPR who has been convicted of an aggravated felony.  (AR L248-49.)  Petitioner filed a petition for review of the BIA's decision with the Ninth Circuit Court of Appeals, which dismissed the petition on April 14, 2010, and the mandate issued on June 7, 2010.  *See Olivera Ramos v. Holder*, No. 09-72819 (9th Cir. 2010.)[1]

On July 30, 2010, petitioner, proceeding through counsel, filed the instant habeas petition, alleging that "he did not receive accurate advice at the time of the entry of his guilty plea."  (Dkt. 1 at 5.)  He requested that this Court enter an emergency stay and enjoin respondents from removing him from the United States.  *Id*. at 6.  The Court subsequently entered a temporary stay of removal, pending briefing and a resolution of petitioner's request for stay.  (Dkt. 3.)  On October 7, 2010, respondents filed a motion to dismiss, arguing, *inter alia*, that the Court lacks jurisdiction to review petitioner's claims because he is only challenging his final order of removal and underlying state criminal conviction.  (Dkt. 12.)  Pursuant to Local

---

[1]The 90-day removal period expired on or about September 7, 2010, and the six-month presumptively reasonable removal period expired on or about December 7, 2010.  *See Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

REPORT AND RECOMMENDATION
PAGE 3

Rule CR 7(d)(3), petitioner's response to the motion to dismiss was due on October 25, 2010. On November 1, 2010, the Court granted petitioner's unopposed motion for an extension of time to file a response to respondents' motion to dismiss. (Dkt. 16.) However, petitioner did not file a response to the motion to dismiss. On November 26, 2010, respondents' filed a reply. (Dkt. 17.)

### III.    DISCUSSION

Petitioner seeks "a writ of habeas corpus to prevent his unlawful removal, [and] to provide an opportunity for him to have meaningful review of [his] underlying state court conviction based upon *Padilla v. Kentucky*, __ U.S. __, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)," in which the Supreme Court held that defense counsel has a constitutional duty to inform criminal defendants of the immigration consequences of their guilty pleas. (Dkt. 1 at 2.) Petitioner avers that his former counsel provided ineffective assistance by failing to advise him of the immigration consequences of his guilty plea. In support of his habeas petition, petitioner asserts that he has filed a collateral attack against his criminal conviction in Thurston County Superior Court, which serves as the basis for his removal from the United States. He requests a stay of his final order of removal and seeks to enjoin respondents from executing his removal while he challenges his criminal conviction in state court. *Id*. at 6. Because petitioner is only challenging his final order of removal rather than the fact of his current detention, the Court agrees with respondents that it lacks jurisdiction to grant such relief under the REAL ID Act of 2005. *See* INA § 242(a)(5), 8 U.S.C. § 1252(a)(5).

The REAL ID Act provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision" of the Act. INA § 242(a)(5), 8

REPORT AND RECOMMENDATION
PAGE 4

U.S.C. § 1252(a)(5); *see also* INA § 242(b)(9), 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section"); INA § 242(g), 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter"). The law specifically divested district courts of jurisdiction arising from the removal orders of aliens.  *See id.*  Judicial review of an administratively final order of removal is only available before the court of appeals having jurisdiction over the district where petitioner's immigration judge holds seat.  *See* INA § 242(a)(5), 8 U.S.C. § 1252(a)(5).

"A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act."  *Mancho v. Chertoff*, 480 F. Supp. 2d 160, 162 (D.D.C. 2007) (citing *Formusoh v. Gonzales*, No. 3-07-CV-0128-K, 2007 WL 465305 (N.D. Tex. Feb. 12, 2007) (dismissing for lack of subject matter jurisdiction habeas petition of petitioner seeking stay of removal pending resolution of an I-130 petition and an I-485 adjustment of status petition)); *Tale v. United States Dep't of Homeland Sec.*, 2006 U.S. Dist. LEXIS 47577, at *1 (S.D. Tex. July 13, 2006) (finding lack of jurisdiction to grant petitioner preliminary and permanent injunctions barring his deportation prior to the resolution of his claims pending before an immigration judge).  Absent statutory or legal authority that creates

1  an exception to the REAL ID Act, this Court lacks subject matter jurisdiction to consider

2  petitioner's habeas challenge or to grant the relief requested.[2]

3                          IV.    CONCLUSION

4          For the foregoing reasons, the Court recommends that petitioner's petition for writ of

5  habeas corpus be denied, respondents' motion to dismiss be granted, and that this matter be

6  dismissed with prejudice.  A proposed order accompanies this Report and Recommendation.

7          DATED this 12th day of January, 2011.

8

9                                          *James P. Donohue*

10                                         JAMES P. DONOHUE
                                           United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21
_____
22          [2]The Court also notes that it has no jurisdiction to look into the validity of petitioner's
    plea agreement or the effectiveness of his defense counsel.  Rather, such claims must be raised
23  in an application for post-conviction relief filed with the appropriate federal or state court.  *See*
    *Padilla*, 130 S. Ct. at  1473.   "The availability of post-conviction motions or other forms of
24  collateral attack does not affect the finality of the conviction for immigration purposes, unless
    or until the conviction has been overturned pursuant to such a motion."  *Matter of Ponce De*
25  *Leon*, 21 I&N Dec. 154, 157 (BIA 1997).  Should petitioner show that his conviction has been
    vacated pursuant to *Padilla* or some other basis, he may seek *sua sponte* reopening of his
26  removal proceedings before the BIA.  *See* 8 C.F.R. § 1003.2(a).

REPORT AND RECOMMENDATION
PAGE 6